■ In the Matter of the Claim of FRANKLIN KAVALER, Appellant. COMMISSIONER OF LABOR, Respondent. [675 NYS2d 429] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 30, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

In 1993, upon investing $75,000, claimant became an officer and 50% shareholder of a business which operated a social games club. After selling his share of the business in 1996 for $300,000, he applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board found that claimant voluntarily left his employment without good cause and denied his application. Claimant appeals. Although claimant contends that conflicts with his partner forced him to sell his share of the business in order to protect his initial investment after his partner threatened to leave and compete with the club, the Board, resolving issues of fact and credibility, determined that claimant's contention and concern that he could not run the business himself were speculative; we find no reason to disturb this determination. In any event, personality clashes with a business partner have been held not to constitute good cause to leave employment (*see, Matter of Ballard [Hartnett]*, 176 AD2d 428, 429), especially when, as here, the business was profitable, claimant and his partner continued to draw a salary and claimant realized a handsome profit by selling his interest. Inasmuch as substantial evidence supports the finding that claimant did not have a compelling reason to leave his employment, we affirm the Board's decision (*see, Matter of Bobrow [Sweeney]*, 243 AD2d 795; *Matter of Ballard [Hartnett], supra*).

Mikoll, J. P., Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.